MORA *v.* ROSALY.

APPEAL from the District Court of Ponce.

No. 762.—Decided March 26, 1912.

DISMISSAL OF APPEAL—JURISDICTION OF SUPREME COURT—NEW TRIAL—VALUE OF THING CLAIMED—MUNICIPAL COURTS.—This court lacks jurisdiction to entertain an appeal from an order of a district court overruling a motion for a new trial in a case appealed thereto from a municipal court where the value of the thing claimed exclusive of profits and interest does not exceed $300.

The facts are stated in the opinion.
*Mr. José A. Poventud* for appellant.

*Messrs. Rafael Sánchez Montalvó* and *Francisco Jiménez* for respondent.

Mr. Justice del Toro delivered the opinion of the court.

This case originated in the municipal court, its object being legally to enforce the collection of a note for $300. The municipal court decided against the plaintiff, who then appealed to the district court. The new hearing having been had, the district court also found against the plaintiff. Judgment was rendered and entered on October 30, 1909.

The plaintiff, Mora, filed an application for a writ of *certiorari* in the Supreme Court calling for the annulment of the judgment of October 30, 1909, and this court finally decided that the writ did not issue because there was no question of procedure involved. *Mora* v. *Foote,* 16 P. R. R., 18.

On August 3, 1911, or nearly two years after the judgment was rendered, the plaintiff, Mora, moved the District Court of Ponce to grant a new trial, and on September 15, 1911, the court issued an order denying the motion.

It is from this order of September 15, 1911, that this appeal has been taken.

As may be seen in the light of the facts stated, it would be a very easy matter to enter upon the consideration of this case on its merits; but in our judgment, we have no jurisdiction so to do, and we are constrained to dismiss the appeal without deciding it upon its substantial grounds.

Section 295 of the Code of Civil Procedure, amended on March 9, 1905 (laws of 1905), as to the question at issue, says:

"An appeal may be taken to the Supreme Court from a district court—

"1º. * * *.

"2º. From a judgment rendered on an appeal from an inferior court within 15 days after the entry of such judgment should the value of the property claimed or amount of the judgment, not including products and interests thereon, exceed $300."

Since the decision in this case was rendered by the district court on an appeal from a judgment of the municipal

court, and as the value of the thing claimed does not exceed $300, the conclusion necessarily follows that the appeal does not issue under the law and that, therefore, we lack jurisdiction to decide it upon its merits.

It might be argued that this is not an appeal from a judgment but from an order denying a motion for new trial. We shall not enter upon a discussion as to whether or not the foregoing argument would have any legal force in a case where the value of the thing claimed or the amount of the judgment exceeds $300; but we do affirm that it has absolutely no efficacy in the appeal submitted to our consideration, where the value of the thing claimed or the amount of the judgment does not exceed the said sum. Should we admit such procedure to be proper we would then defeat the purpose of the enactment of the legislator contained in subdivision 2 of section 295 of the Code of Civil Procedure, because in that case, instead of taking an appeal from the judgment, a motion for a new trial would be made, and an appeal would then be taken from the order denying such motion, and, in such artful manner the outcome eventually would be the reversal of a judgment which could not be reversed by this court on appeal for want of jurisdiction.

The appeal should be dismissed for want of jurisdiction.

*Dismissed.*

Chief Justice Hernández and Justices MacLeary, Wolf, and Aldrey concurred.